# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSEPH CARL JONES,

       Petitioner,

v.

UNITED STATES OF AMERICA,

       Respondent.

Case No. 16-CV-733-JPS
Criminal Case No. 94-CR-43-RTR

**ORDER**

  On June 16, 2016, Joseph Carl Jones ("Jones") filed a motion pursuant to 28 U.S.C. § 2255, asserting that his conviction and sentence were imposed in violation of the Constitution. (Docket #1). Prior to its reassignment to this branch of the Court, the case was stayed pending resolution of several relevant appeals in the Seventh Circuit. (Docket #5). Those appeals have been resolved, and the Court will therefore lift the stay of this matter. The Court now turns to screening Jones's motion under Rule 4 of the Rules Governing Section 2255 Proceedings, which requires the Court to promptly examine Jones's motion and dismiss it "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that [Jones] is not entitled to relief."

  On May 31, 1994, Jones pleaded guilty to one count of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) and 2, and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. On July 21, 1994, Jones was sentenced to three hundred months as to the first count, and the mandatory minimum of sixty months

on the second count.

In his motion, Jones challenges his conviction under Section 924(c). (Docket #1).[1] That provision imposes additional penalties on individuals who carry or use firearms in connection with certain crimes. 18 U.S.C. § 924(c). In Jones's case, he was convicted of brandishing a firearm during a "crime of violence," which the statute defines as

> an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3). The first clause is referred to as the "elements" clause, while the second is known as the "residual" clause.

The Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551, 2560 (2015), found that an identical residual clause in the Armed Career Criminals Act was unconstitutionally vague. The Court later determined that the rule announced in *Johnson* was substantive and should therefore be retroactively applicable to collateral attacks like Jones's. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). Jones contends that his armed bank robbery offense under Section 2113(a) and (d) only qualifies as a crime of violence which forms a

---

[1] He also offers a legal brief that provides an explanation of his claim beyond its sparse rendition in the motion itself. (Docket #2). Given its appearance, the Court suspects that Jones simply lifted the brief from another case, and inserted language relevant to his case via white-out and typewriter. Regardless of how it was produced, the Court has given it full consideration.

predicate for his Section 924(c) offense under the residual clause of Section 924(c)(3). (Docket #2 at 2-4). Because the Supreme Court declared an identical residual clause unconstitutionally vague, he says, the same reasoning should invalidate Section 924(c)(3)(B). *Id.* Further, Jones contends that bank robbery is not a "crime of violence" under the elements clause, because it may be accomplished by intimidation, without a threat of force. *Id.* at 5-6.

The problem with Jones's petition is not his legal reasoning; that much is sound, since the Seventh Circuit has held that the residual clause of Section 924(c)(3) is indeed unconstitutionally vague. *United States v. Cardena*, 842 F.3d 959, 995–96 (7th Cir. 2016). But that holding does not help Jones here, because the Seventh Circuit disagrees with his position on the elements clause. It holds that armed bank robbery under Section 2113(a) and (d) constitutes a crime of violence under the elements clause of Section 924(c)(3), since it "[has] as an element the use, attempted use, or threatened use of physical force against the person or property of another." *United States v. Armour*, 840 F.3d 904, 908–09 (7th Cir. 2016); *Clark v. United States*, No. 16-2296, 2017 WL 690754, at *2 (7th Cir. Feb. 21, 2017). Thus, here Jones's Section 2113(a) and (d) conviction serves as a valid predicate for his Section 924(c) conviction by way of the elements clause of Section 924(c)(3). This was the only argument stated in his motion, *see* (Docket #1 at 4), and because it is without merit, the Court must deny the motion.[2]

Finally, under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it

---

[2]To the extent Jones attempts to advance any other arguments for relief in his legal brief, they have been ignored because they have no counterpart ground in the motion itself.

enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Jones must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states a valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In light of the binding Seventh Circuit precedent on the issue raised in Jones's petition, as outlined above, the Court cannot fairly conclude that reasonable jurists would debate whether his motion should be decided differently; as a consequence, the Court must deny a certificate of appealability to him.

Finally, the Court closes with some information about the actions that Jones may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See id.* 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for

relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *Id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Section 2255 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 15th day of May, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge